IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ESTATE OF UZI NISSAN,<br><br>     Plaintiff,<br><br>v.<br><br>NISSAN.COM, an Internet domain name,<br>NISSAN.NET, an Internet domain name, and<br>JOHN DOE,<br><br>     Defendants. | Civil Action No. 1:23-cv-00821-PTG-IDD |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE

Plaintiff Estate of Uzi Nissan ("Plaintiff"), by counsel, submits this Memorandum of Law in support of its Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference. In a good faith effort to identify Defendant John Doe, Plaintiff seeks leave to issue third-party subpoenas to service providers for the Defendant Domain Names including the domain name registrar and host for Defendants NISSAN.COM and NISSAN.NET. As explained herein, Plaintiff seeks limited and reasonable discovery in good faith, as it is necessary to identify Defendant John Doe, and this Court possesses broad discretion to grant such reasonable relief.

## RELEVANT FACTUAL BACKGROUND

On June 26, 2023, Plaintiff filed a verified complaint ("Complaint") against the Defendant domain names and John Doe asserting claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), 28 U.S.C. § 1655, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims under the common law of Virginia. *See* Compl., Dkt. No. 1.

Defendant John Doe is a person or persons of unknown identity who gained unauthorized access to Plaintiff's protected domain name management account and/or personal email account and, without consent or authority, transferred control of Defendant Domain Names away from Plaintiff.  *See* Compl. ¶¶ 9, 38-57.  Through the present motion, Plaintiff seeks leave to issue subpoenas to the service providers for the domains including the registrar and host for the Defendant Domain Names in order to identify Doe.  Plaintiff seeks this information only for use in association with protecting its rights as set out in the Complaint.  Without this information, Plaintiff cannot adequately redress the violation of its rights.

## STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that, absent a court order, (with a few exceptions not applicable here) a plaintiff may not serve discovery in advance of the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  The Court "has wide latitude in controlling discovery," *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (internal quotation marks omitted), and may order expedited discovery before the Rule 26(f) conference "in the interest of justice," *Cell Film Holdings, LLC v. Does*, No. 3:16-CV-749, 2016 WL 7494319, at *5 (E.D. Va. Dec. 30, 2016); *see also LHF Prods., Inc. v. Does*, No. 3:16-CV-748, 2016 WL 7422657, at *5 (E.D. Va. Dec. 22, 2016); *Crawford-El v. Britton*, 523 U.S. 574 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").  This latitude includes the ability to permit discovery to commence prior to a Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery without a Rule 26(f) conference if ordered by the court).

The Fourth Circuit has not articulated a specific standard for analyzing motions requesting early discovery, but courts in this Circuit and around the country have applied a "reasonableness"

test to determine whether the plaintiff has shown good cause for expedited discovery. *See, e.g.*, *Malibu Media, LLC v. John Doe*, No. 1:16-CV-1271 (E.D. Va. Oct. 7, 2016), Dkt. No. 8; *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) ("apply[ing] the reasonableness-based test when a party seeks to conduct discovery prior to the Rule 26(f) conference in order to prepare for a preliminary injunction hearing."); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) ("[C]ourts use a flexible standard of reasonableness and good cause when considering whether to grant [expedited discovery]") (internal quotation omitted); *Humphrey v. Sallie Mae, Inc.*, No. 3:10-CV-01505, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010) ("When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally apply a reasonableness or good-cause standard, taking into account the totality of the circumstances in which the motion is presented.").

## ARGUMENT

As the Court has ordered in similar matters in recent years, Plaintiff respectfully submits that the Court should exercise its broad discretion to allow expedited discovery here. Absent this discovery, Plaintiff will suffer irreparable harm, as it will be unable to identify and obtain relief against John Doe. Plaintiff intends to narrowly tailor its expedited discovery requests to do no more than identify John Doe, and confirms that the information will be used only to seek redress for the harms set forth in the Complaint. Finally, John Doe will suffer no prejudice, as he/she/it has provided the information to the subpoena recipients and John Doe has no right to privacy for the information sought through discovery.

*First*, the expedited discovery is necessary to identify and serve Defendant John Doe in this action. As addressed above, Plaintiff has good cause to believe that John Doe is responsible

3

for the theft of the Defendant Domain Names, yet because of John Doe's affirmative actions to efforts to conceal his/her/its identity, Plaintiff cannot presently identify John Doe. *See* Compl. ¶¶ 4-5, 7-9, 15, 43-47, 55.  Moreover, the domain name registration records for the Defendant Domain Names reflect the same contact information for Uzi Nissan that was listed in the registration records prior to the theft. *See* Compl. at Exs. A-D.  The only means by which Plaintiff can identify John Doe is through serving a subpoena on the registrar for the Defendant Domain Names. *See McMann v. Doe*, 460 F. Supp. 2d 259, 265–66 (D. Mass. 2006) ("Without the ability to issue a subpoena, John Doe's true name would remain unknown, this suit could not proceed, and Plaintiff McMann could receive no remedy. . . . [D]iscovery could reveal John Doe, allow justice to be done, and end this alleged harm.").  Without the expedited discovery, Plaintiff cannot identify and serve John Doe, and consequently cannot obtain complete relief and will suffer irreparable harm. *See Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11CV345, 2011 WL 2634166, at *2 (E.D. Va. July 1, 2011) (finding irreparable injury based on a plaintiff's inability to identify and serve Doe defendants).

  *Second*, Plaintiff has specifically and reasonably limited its request to information targeting John Doe's identity.  Plaintiff seeks leave to serve Rule 45 subpoenas on the service providers used by John Doe to commit his/her/its infringing acts, specifically, the domain name registrar and host for the Defendant Domain Names, i.e., the service providers whose services were used by Defendant John Doe to perpetrate the theft of the Defendant Domain Names.  The proposed subpoena will request information designed to discover John Doe's identity, specifically the names, addresses, telephone numbers, payment mechanisms, IP addresses, and any additional email addresses.  Plaintiff has a reasonable belief that the intended subpoenas will obtain this information:  Plaintiff thus has a reasonable likelihood of discovering John Doe's true identity and

location via the requested expedited discovery.

*Third*, granting Plaintiff limited early discovery will not prejudice the Defendants. Again, the proposed subpoenas will seek only information to identify John Doe, which this Court routinely has granted in other matters before a 26(f) conference. John Doe has no expectation of privacy in the identifying information he/she/it has already provided to the domain name registrar and/or host. *See United States v. Hambrick*, 225 F.3d 656 (4th Cir. 2000) ("[A] person does not have an interest in the account information given to the ISP in order to establish [an] e-mail account."); *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. sec. 2703(d)*, 830 F. Supp. 2d 114, 136 (E.D. Va. 2011) (holding that Twitter users have no reasonable expectation of privacy in their IP addresses); *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 555-56 (D. Md. 2012) ("Internet subscribers do not have a protected privacy interest in their subscriber information— including names, addresses, phone numbers, and e-mail address—which they have already conveyed to their ISPs."); *see also Arista Records LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir.2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."). Plaintiff should thus be permitted to obtain this limited information in order to move this case forward.

As stated above, courts in this District regularly grant plaintiffs limited discovery of the type sought here in order to identify Doe defendants before a 26(f) conference. *See Northern Data Ag v. northerndata-cloudmining.com*, 1:23-cv-88 (PTG/IDD) (Feb. 6, 2023), Dkt. No. 6; *Nexstar Media Inc. v. newsnationusa*, 1:21-cv-1047 (AJT/IDD) (E.D. Va. Sep. 27, 2022), Dkt. No. 31 (granting leave to issue non-party subpoenas to registrars, domain name hosts, and other entities providing services to Doe defendants); *New Management Services LLC v. newrngtservice.com*, 1:20-cv-1072 (TSE/IDD) (E.D. Va. Sept. 24, 2020), Dkt. No. 6 (permitting plaintiffs' request to

5

subpoena domain name registrars, website and email service providers, and privacy services the identity of Doe defendants operating an Internet scam); *Fox News Network, LLC v. Does 1-10*, 1:20-cv-200 (E.D. Va. Mar. 18, 2020), Dkt. No. 7 (permitting plaintiffs' request to subpoena domain registrars, privacy services, and other providers of Internet services to discover the identity of Doe defendants operating identical Internet scams); *Fox News Network, LLC v. Xofnews.com*, 1:20-CV-149 (E.D. Va. Mar. 12, 2020), Dkt. No. 7 (same); *Montblanc-Simplo GmbH v. Doe*, No. 1:17-CV-415 (E.D. Va. Apr. 12, 2017), Dkt. No. 15 (permitting plaintiff's request to subpoena domain registrar, ISPs, and email service provider to discover identity of John Doe); *Flying Nurses v. Flyingnurse.com,* No. 1:17-CV-168 (E.D. Va. Mar. 21, 2017), Dkt. No. 16 (permitting plaintiff's request to subpoena domain registrar, online payment provider, and email and social media providers to discover identity of John Doe).  Plaintiff respectfully requests that the Court reach the same conclusion here, and allow Plaintiffs limited and reasonable discovery.

*Finally*, given that the Doe Defendant cannot be named until Plaintiff obtains identifying information, "the motion must proceed *ex parte*."  *Hard Drive Prods.*, 2011 WL 2634166, at *2; *see Living Scriptures v. Doe(s)*, No. 1:10-CV-0182, 2010 WL 4687679, at *1 (D. Utah Nov. 10, 2010) (without discovery into defendants' identities, "this case cannot commence"); *McMann*, 460 at 266 (holding that motion for expedited discovery "must be considered *ex parte* because John Doe is not known").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff leave to issue subpoenas pursuant to Rule 45 to the registrar and host for the Defendant Domain Names, and other entities providing internet services to John Doe, for the limited purpose of identifying Doe, and grant such further relief as this Court deems proper.

Dated: July 3, 2023           By:     */s/ Attison L. Barnes, III*
                                      Attison L. Barnes, III (VA Bar No. 30458)
                                      David E. Weslow (for *pro hac vice)*
                                      Spencer Brooks (for *pro hac vice*)
                                      WILEY REIN LLP
                                      2050 M St. NW
                                      Washington, DC 20036
                                      (202) 719-7000 (phone)
                                      abarnes@wiley.law

                                      *Counsel for Plaintiff*
                                      *Estate of Uzi Nissan*

**CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on July 3, 2023, I electronically filed the foregoing by using the CM/ECF system. I also notified the registrant(s) of the domain names through the contact information provided by the registrant to the registrar for the domain names.

 */s/ Attison L. Barnes, III*
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
2050 M Street, NW
Washington, DC  20036
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law

*Counsel for Plaintiff*
*Estate of Uzi Nissan*