IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ESTATE OF UZI NISSAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-821 PTG/IDD |
| | ) |
| NISSAN.COM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Serve A Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion") [Dkt. No. 4]. This matter can be resolved without oral argument, as such argument would not aid the decisional process. Upon consideration of the Motion and for good cause shown, IT IS HEREBY ORDERED:

1. Plaintiff established that "good cause" exists for it to serve a third party subpoena on GKG.net, Inc. and InMotion Hosting, Inc. (hereinafter the "ISP"). *See e.g., Malibu Media, LLC v. Doe*, No. CV 13-512 JKB, 2013 WL 3732780, at *1 (D. Md. July 12, 2013); *Arista Records LLC v. Does* 1-19, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to the Defendant.

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

ENTERED this 9th day of August 2023.

                                              /s/ Ivan D. Davis
                                              Ivan D. Davis
                                              United States Magistrate Judge

Alexandria, Virginia